Civil action instituted by plaintiff, a guest passenger in an automobile, to recover for personal injuries alleged to have resulted from the defendant's negligent operation of the automobile.
Plaintiff and defendant are partners engaged in the retail grocery business. On the night of 11 December, 1941, the plaintiff had gone with the defendant, in defendant's automobile, on an errand of personal business for the defendant. As they were returning to Durham over the new Duke Road, somewhere between 8:00 and 10:00 o'clock, the lights on the car blew out. At that time the defendant was not traveling fast, probably 30 or 35 miles an hour. Plaintiff testified: "When the lights went out everything was real black. Mr. Barbee said, `Open the door and look out and see where we are in the road, so I will know what to do.' I opened the door and said, `You are on the shoulder now, and when I said that he just pulled the wheel over like that. He turned it to the left to get back on the highway. He was off the right side of the road and he turned it back into the highway to the left, and when he turned it he was so quick that I pitched right out of the car."
The defendant testified, as a witness for plaintiff, as follows: "After the lights went out I asked Mr. O'Kelly to watch and not let me run off the road. When I asked him to watch he opened the door, and after he opened the door he said something about I was off the road, and about that time I felt my front wheels run off the pavement. He said that I was about to run off the road. About the same time I felt my front wheels drop from the pavement, and I cut it pretty sharp. I cut the steering wheel to the left. When I cut my wheel to the left I saw Mr. O'Kelly's feet, or rather I felt them, and I stopped the car and jumped out and ran back and found him lying on the pavement. At the time I cut my wheel to the left I knew that Mr. O'Kelly had the door open and was looking out the door." On cross-examination, this witness identified a written statement signed by him on 17 December, 1941, in which he said: "I had been driving about 40 or 50 miles an hour on the right side of the road, and as soon as my lights went off I started to stop. I said something to Mr. O'Kelly about watching his side of the road and letting me know if I was about to run off the road. I did not ask him at any time to open the door, and look out. However, Mr. O'Kelly did open the door, and somehow fell out. My car was stopped about a car's length from where I found Mr. O'Kelly on the road, and he was unconscious. My car was in the center of the pavement, and I at no time ran off the pavement." *Page 284 
At the close of plaintiff's evidence, defendant moved for judgment as of nonsuit. Motion allowed. Judgment signed accordingly. Plaintiff appeals, assigning error.
We do not think the evidence on this record, when considered in the light most favorable to plaintiff, establishes actionable negligence on the part of defendant. The accident occurred at night, after the lights on defendant's automobile blew out and before the car was stopped, which according to the evidence was immediately thereafter. The automobile was stopped within about the car's length of where the accident occurred. The defendant was confronted with an emergency, and the evidence does not disclose a failure on his part to exercise ordinary care in the operation of his automobile under the circumstances. Mills v. Moore, 219 N.C. 25,12 S.E.2d 661; Grimes v. Coach Co., 203 N.C. 605, 166 S.E. 599.
The judgment of the court below is
Affirmed.